■ RUBY V. BAIRD, Respondent, v. CITY OF HORNELL et al., Appellants.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Memorandum: The complaint sets forth a cause of action for false imprisonment and a second cause of action for malicious prosecution, both causes of action being based upon the same transactions or series of incidents. The complaint contains a single prayer for damages. Both causes of action were submitted to the jury which returned separate verdicts of $25,000 in the false imprisonment cause of action and $15,000 in the malicious prosecution cause of action. A judgment was entered for the sum of $40,000 plus costs. We regard the amount of the total verdict as grossly excessive. The trial court charged separately the law as to each cause of action, including the elements of damage which the plaintiff would be entitled to recover in each cause of action if a verdict were found in her favor. He charged certain elements of damage common to each cause of action. He charged that in the false imprisonment cause of action plaintiff might recover in addition to other elements " compensation for the indignity of being arrested and imprisoned, and for such injury to her reputation and character as resulted from the arrest, and for such humiliation as she suffered as a result of the arrest ". As to the malicious prosecution cause of action he charged, " If you find a verdict in this malicious prosecution action in favor of the plaintiff, your verdict must be for such sum as will fully and fairly compensate her for any injury to her reputation and character and for any mental suffering and humiliation arising out of all proceedings ". Notwithstanding the trial court's instruction that there should not be a duplication of any damages, the fact that the jury returned separate verdicts for large amounts in each cause of action indicates that the jury must have awarded a double recovery for certain elements of damage common to both causes of action. Since no exception was taken to the court's charge as to exemplary damages and since in any event the judgment must be reversed on the ground of excessiveness, we do not presently reach the question as to whether or not that portion of the charge was proper. If the question of exemplary damages is submitted upon the new trial, the jury should be instructed to make special findings as to compensatory and exemplary damages. (Cf. *Raplee* v. *City of Corning*, 6 A D 2d 230, 233.) Under all the circumstances there is no basis upon which a reviewing court may make an intelligent reduction of the damages as an alternative to a new trial. We hold that the verdict is excessive and pass upon no other question at this time. All concur. (Appeals from a judgment of Steuben Trial Term for plaintiff in an action for damages for false arrest and malicious prosecution. The order denied a motion for a new trial.) Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.